UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT J. SCALLET,
Plaintiff-Appellant,

v.

JOHN ROSENBLUM; CLYDE RAY SMITH;
ROBERT HARRIS,
Defendants-Appellees,

and

No. 96-1138

THOMAS JACKSON; DANIEL HALLAHAN;
JOHN CASTEEN; JOHN BUCKMAN;
RECTOR AND BOARD OF VISITORS OF
THE UNIVERSITY OF VIRGINIA,
Defendants.

AMERICAN ASSOCIATION OF
UNIVERSITY PROFESSORS,
Amicus Curiae.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CA-94-16-C)

Argued: October 29, 1996

Decided: January 29, 1997

Before HALL and LUTTIG, Circuit Judges, and
BULLOCK, Chief United States District Judge for the
Middle District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Edward Arthur Scallet, LEBOEUF, LAMB, GREENE & MACRAE, L.L.P., Washington, D.C., for Appellant. Earl Carlyle Dudley, Jr., Associate General Counsel/Special Assistant Attorney General, UNIVERSITY OF VIRGINIA, Charlottesville, Virginia, for Appellees. **ON BRIEF:** Michael E. Rosman, CENTER FOR INDI-VIDUAL RIGHTS, Washington, D.C., for Appellant. Lee E. Good-man, Associate General Counsel/Special Assistant Attorney General, UNIVERSITY OF VIRGINIA, Charlottesville, Virginia, for Appel-lees. Jerrold J. Ganzfried, Kerry Adams, Joseph A. Micallef, Timothy K. Armstrong, HOWREY & SIMON, Washington, D.C.; Michael A. Olivas, Ann H. Franke, AMERICAN ASSOCIATION OF UNIVER-SITY PROFESSORS, Washington, D.C., for Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert J. Scallet, a former writing instructor at the Darden Gradu-ate School of Business Administration of the University of Virginia, appeals an order of the district court granting summary judgment in favor of Appellees, the dean and two associate deans at Darden, on his claim that his contract was not renewed in order to suppress his exercise of the right of free speech under the First Amendment. We affirm.

I.

Scallet was a non-tenured instructor in Darden's analysis and com-munications course ("A&C"), a required writing and public speaking course for all first-year business students. While Scallet taught at Dar-den, it is undisputed that he was a strong advocate of diversity both

in and out of the classroom. From 1988 until the spring of 1991, Scallet served as "course head" for the A&C department. However, in response to a number of complaints lodged against Scallet describing his confrontational style and strained working relationships with other members of the writing faculty, he was removed from the course head position but remained on the faculty as a writing instructor. Following this decision, Appellees continued to receive complaints about Scallet's lack of collegiality, the environment of fear and distrust he created which led to disruptions in the department, and other conduct which the district court characterized as bordering on sexual harassment.

Appellees met with all of the members of the writing faculty prior to deciding whether to renew Scallet's contract for the 1992-93 year. At this meeting, the faculty members collectively expressed concerns about their ability to continue working with Scallet. Allegedly as a result of these concerns and the numerous prior complaints, Appellees decided not to renew Scallet's contract.

Scallet commenced this action in district court under 42 U.S.C. § 1983. Following discovery, and after extensive briefing and argument, the district court entered summary judgment for Defendants/Appellees on Scallet's First Amendment claim, which is the only issue on appeal.

Applying the balancing test of Pickering v. Board of Educ., 391 U.S. 563 (1968), the district court found that Scallet's in-class advocacy of diversity through the materials he taught in class related to matters of public concern. However, the court concluded that it was not protected by the First Amendment because it was disruptive, and because the Darden administration's interest in controlling its curriculum outweighed Scallet's interest in his classroom speech. To the extent that Scallet engaged in any clearly protected speech, such as posting newsclippings and cartoons around his office door and speaking out in faculty meetings, the district court found that such speech was not the "but for" cause of the non-renewal of his contract "in light of the compelling and substantial evidence of Scallet's misconduct and inability to work with his colleagues in the A&C Department." Scallet v. Rosenblum, 911 F. Supp. 999, 1019 (W.D. Va. 1996).

3

II.

The record is clear that the speech which Scallet contends is protected was not the cause of Appellees' failure to renew his contract. Specifically, answers to interrogatories and depositions of faculty members establish that numerous complaints were made to each Appellee during the years leading up to the non-renewal decision. These complaints described a confrontational style that made the other writing teachers feel physically and emotionally threatened, and that in some cases did, as the district court said, border on sexual harassment. The record reveals that some of these complaints led to Scallet's removal from the course head position a year before the non-renewal decision. After his demotion, faculty members continued to complain about the same conduct and Appellees personally observed strained relationships in the writing department. Based on the numerous complaints and personal observations, Appellees made the decision not to renew Scallet's contract.

We agree with the district court that Scallet has failed to raise genuine issues as to the actual reason for his non-renewal which require resolution by the trier of fact. A reasonable juror could not find that Appellees retaliated against Scallet for his in-class speech, his advocacy in faculty meetings, or because of the posted articles and cartoons outside his office.

III.

Assuming, arguendo, that Scallet's interest in some academic speech was constitutionally protected, Appellees are still entitled to summary judgment on the basis of qualified immunity. Government officials are immune from Section 1983 liability for money damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 817-19 (1982). The district court recognized that "the Supreme Court . . . has never spoken to the level of First Amendment protection afforded teachers' in-class speech," and indicated that it was "called upon in this case to strike a difficult balance between important, competing interests." Scallet, 911 F. Supp. at 1009, 1015.

4

It is evident that the parameters of the protection afforded to a university professor's academic speech were not clearly defined in May 1992 and are not clearly defined today. When the unlawfulness of a particular action is not apparent to a reasonable person in light of pre-existing law and legitimate questions exist concerning whether the official violated the plaintiff's constitutional rights, the official is protected by qualified immunity. Tarantino v. Baker , 825 F.2d 772, 774-75 (4th Cir. 1987). In Dimeglio v. Haines, 45 F.3d 790, 805 (4th Cir. 1995), we recognized that "it was, and is, not clear that when an individual presents himself as speaking in his capacity as a public employee, that his speech is protected." We went on to say that "only infrequently will it be `clearly established' that a public employee's speech on a matter of public concern is constitutionally protected, because the relevant inquiry requires a `particularized balancing' that is subtle, difficult to apply, and not yet well-defined." Id. at 806. In view of the difficulty that federal courts themselves have had in grappling with the concepts of academic freedom both as to the teacher and the educational institution, three business school professors and administrators not trained in the law could hardly be expected to recognize the contours of Scallet's rights.

AFFIRMED

5